**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| SQUIRE M. MOSELEY, | * | |
| Plaintiff, | * | |
| v | * | Civil Action No.  JKB-16-3776 |
| ROBERT DeNIRO, | * | |
| BRUCE WILLIS, | * | |
| Defendants. | * | |
| | *** | |

**MEMORANDUM**

On November 22, 2016, Squire Moseley filed this complaint, alleging "assault with systems" as the cause of action.  ECF 1.  He states, "I am assaulted with systems on my foot as main area so bad were [sic] it is a bruses [sic]." *Id.* at 6.  As relief he asks this court to stop the assault and to "stay away." *Id*. at 7. The Complaint was filed unsigned, undated, and without payment of the filing fee or a motion for leave to proceed in forma pauperis.

Permitting Moseley to resubmit or cure these deficiencies would be futile. Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although this court must liberally construe a pro se complaint, a plaintiff must do more than make conclusional statements to state a claim and must provide sufficient factual information to put defendants on notice of their wrongdoing.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed true. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555-56).

But, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in federal district court.  *See Well v. Dept of Soc. Serv*., 901 F.2d 387 (4th Cir. 1990).  A self-represented plaintiff must nevertheless allege facts that state a cause of action, and district courts are not required "to conjure up questions never squarely presented to them."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

     Apart from naming them as defendants, the complaint contains no mention of them. Moseley does not explain what an "assault on systems" entails or how defendants are involved. In sum, the Complaint is insufficient to state a claim on which relief can be granted.

     Accordingly, the court will dismiss this case without prejudice for failure to state a cognizable claim.  A separate order will be entered reflecting the ruling in this memorandum.

Date:  12/2/16                                                                       _____/s/_____
                                                                   James K. Bredar
                                                                   United States District Judge